IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN HOLTAN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04 CV 3219 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| REGIONAL WEST MEDICAL CENTER, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff has filed motions to strike defendant's late disclosure of non-expert witnesses (filing 74) and to quash the records subpoenas noticed by defendant (filing 77).

When considering a motion to strike witnesses, I must consider the reasons for the failure to meet the court's deadline for disclosures, the importance of the witness's testimony, the surprise or prejudice, if any, visited upon the other party, the possibility of reducing or eliminating that prejudice by continuing the trial, and the extent to which allowing the undisclosed witness to testify would disrupt the order and efficiency of the trial of this case and other cases in this court. Sellers v. Mineta, 350 F.3d 706, 711-712 (8th Cir. 2003), citing Marti v. City of Maplewood, 57 F.3d 680, 683 (8th Cir. 1995) (setting forth factors in two different tests used by Eighth Circuit), citing, Citizens Bank v. Ford Motor Co., 16 F.3d 965, 966 (8th Cir.1994) (listing factors); Morfeld v. Kehm, 803 F.2d 1452, 1455 (8th Cir.1986)(listing other, similar factors).

Defendant has given no reason for its failure to disclose these witnesses on time.  Although arguing that plaintiff has known these persons might be listed as witnesses since October, 2004, that fact is far different from actually disclosing them as witnesses.  Likewise defendant has not indicated how critical these

new witnesses might be to its case.  The discovery deadline has now passed and trial of this case is scheduled to begin less than one month from now.  It is unfair to expect plaintiff's counsel to depose these witnesses before the trial.  Further, a continuance is out of the question; the case is over one and one half years old, and because it is set to be tried in North Platte, if continued, the trial could not occur before February of 2007.  While no evidence before me sets out explicitly the nature of the prejudice to the plaintiff, I conclude that the defendant's failure to justify the late disclosure is sufficient in these circumstances to strike the witnesses.  I shall do so.

     Plaintiff also asks the court to quash records subpoenas defendant has noticed for the records of six physicians who it says are the plaintiff's treating physicians.  Plaintiff argues the subpoenas seek irrelevant material and would cause an undue burden and expense on the doctors.  While the medical records would not likely produce admissible evidence on the issue of the plaintiff's disability, they may contain references to actions by plaintiff and defendant's agents in dealing with the problems that form the bases of the plaintiff's complaints.  Regarding burden on the deponents, plaintiff has no standing to raise that issue; rather, that should be raised by the deponents once the subpoenas are issued and served.  I shall deny the motion to quash.

     IT THEREFORE HEREBY IS ORDERED:

     1.  Plaintiff's motion to strike, filing 79, is granted.

     2.  Plaintiff's motion to quash, filing 81, is denied.

     DATED January 12, 2006

                         s/ *David L. Piester*
                         United States Magistrate Judge